# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1208V
**Filed: March 11, 2019**
UNPUBLISHED

|  |  |
|---|---|
| MICHAEL NAPOLITANO,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Brenton Aaron Elswick*, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.
*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On September 7, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine he received on September 22, 2016.  Petition at 1. On October 16, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer.  ECF No. 32.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 8, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 38. Petitioner requests attorneys' fees in the amount of $39,382.00 and attorneys' costs in the amount of $1,161.64. *Id.* at 1. Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred $84.48 in out-of-pocket expenses. ECF No. 38-3. Thus, the total amount requested is $40,628.12.

On February 25, 2019, respondent filed a response to petitioner's motion. (ECF No. 39.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On February 26, 2019, petitioner filed a reply. ECF No. 40. Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I.     Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees

2

and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Attorney Fees

### A. Hourly Rates

#### i. Brenton A. Elswick

Petitioner requests the following rates for attorney Brent Elswick; $323 for work performed in 2018 and $335 for work performed in 2019. Mr. Elswick has been a licensed attorney since 2008 and primarily focused on intellectual property litigation. ECF No. 38-4. The undersigned finds the rates requested by Mr. Elswick reasonable given the Mr. Elswick's experience in the Vaccine Program, Mr. Elswick's overall legal experience, and quality of the work performed and awards the requested rates in full.

### B. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 4 attorneys and 7 paralegals billed for work on this case, with some billing less than one hour. This resulted in multiple reviews of the same records, orders and updating the same entries on files. In total the attorney's and the paralegals list 28 separate entries as reviewing court notifications of filings and updating file entries and deadlines, for a total of 4 hours of time. Examples of these entries include:

- September 12, 2017 (0.20 hrs KMH) "Review SPU Initial Order; update all pertinent case deadlines" and (0.10 hrs AMG) "Review scheduling order and update file re same"
- October 10, 2017 (0.10 hrs AMG) "Review of initial scheduling order and update file re same" and (0.10 hrs KMH) "Review scheduling order from court; calendar deadlines";

- May 8, 2018 (0.20 hrs JLL) "Review Order on 240 day time period and save to file; update case file notes" and (0.10 hrs AMG) "Review 240 day order; review and approve notice of intent to remain; update file re same"
- August 5, 2018 (0.10 hrs AMG) "Review ruling on entitlement; update file re same" and (0.10 hrs KMH) "Review Ruling on Entitlement and update notes to file".[3]

ECF No. 38-1 at 6, 8, 15 and 17.

The undersigned reduces the request for attorney's fees by **$338.90**[4], the total of the duplicated entries at the paralegal rates.

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 8 hours was billed by paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, reviewing and organizing the client file, and mailing documents. Examples of these tasks include[5]:

- May 24, 2017 (0.50 hrs) "Review Exhibits 1-5 and prepare for filing with the court"
- October 11, 2017 (0.60 hrs) "Telephone conference with process servers regarding service of subpoena process"
- November 27,2017 (0.10 hrs) "Reveive confirmation of filing from court's ECF system"
- August 13, 2018 (1.0 hrs) "Finalize demand exhibits and demand letter and forward complete package to DOJ as forma service of demand"
- October 18, 2018 (0.20 hrs) "Review and finalize Joint Notice Not to Seek Review; prepare to file same. Update case file"
- January 2, 2019 (0.10 hrs) "Notarize attorney affidavit"

ECF No. 38-1 at 3, 8, 12, 17, 21 and 23.

---

[3] AMG is attorney Ann Golski. KMH is paralegal Kristin Harding. JLL is paralegal Jennifer Lally. These are merely examples and not an exhaustive list.

[4] This amount consists of (0.50 hrs x $145 = $72.50) + (1.80 hrs x $148 = $266.40) = $338.90.

[5] These entries are merely examples and not an exhaustive list.

The undersigned reduces the request for attorney fees by **$1,366.90**, the total amount of the tasks considered administrative.

### III.     Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $1,161.64. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

### IV.     Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $38,922.32[6] as follows:**

- **A lump sum of $38,837.84, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Brenton A. Elswick; and**

- **A lump sum of $84.48, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

- **Petitioner requests checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

                                              **s/Nora Beth Dorsey**
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.